UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKSHDEEP S., | No.  1:26-cv-0163 TLN AC |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner, proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On January 15, 2026, the district judge converted petitioner's motion for temporary restraining order (ECF No. 2) to a motion for preliminary injunction by the consent of the parties and granted the motion.  ECF No. 10.  The district judge also referred the case to the magistrate judge for further proceedings.  See id. at 9.  Because petitioner may be entitled to the requested relief if the claimed violations are proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

In filing an opposition to the motion for temporary restraining order, respondents requested a 180-day period of time in which to respond to the petition if the court granted either a temporary restraining order or preliminary injunction.  ECF No. 7 at 1-2.  Respondent's expressed that the lengthy extension is necessary to allow respondents time "to present informed briefing in

1

a rapidly-evolving area of law, where appeals are currently pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas litigation, including this case" and that petitioner would not be prejudiced by this lengthy briefing schedule if the preliminary injunction is issued.  Id. at 2.  It appears respondents may be referring to Rodriguez v. Bostock, 779 F. Supp. 1239 (W.D. Wash. 2025), Ninth Circuit docket no. 25-6842, which is the Ninth Circuit appeal the government has referenced to seek other extensions of time to file a response in immigration habeas cases like these.

To address respondent's request and proceed with this action, the court will direct the parties to meet and confer to discuss a briefing schedule.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The parties are directed to meet and confer within three days from the service of this order for the purpose of submitting a joint proposed briefing schedule.

2.  The joint proposed briefing schedule is due within seven (7) days from the date of this order.

3.  The joint proposed briefing schedule shall include petitioner's position on respondents' request for a lengthy briefing schedule, and, relatedly, shall state the parties' respective positions on the question whether a stay should issue pending resolution on the appeal in Rodriguez Vazquez v. Bostock, 779 F. Supp. 1239 (W.D. Wash 2025).

DATED: January 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2